Good morning. May it please the court. Anna St. John on behalf of the appellant Theodore H. Frank. This class action put $5 million on the table. One went to the class, 3.3 went to the plaintiff's attorneys, and $800,000 went back to Kimberly-Clark. We're not here to say that this settlement should have been $20 million or $10 million or even $5.5 million. If the parties want to settle for that amount, we aren't here to argue they're wrong. But what Rule 23, E2, C2, and 3 don't permit is for the class to be the loser out of the parties. Kimberly-Clark and the plaintiffs negotiated to benefit themselves at the expense of the class members. This case presents a single and simple issue for review, whether this settlement can be approved under Rule 23. Under this court's decision and Moses v. New York Times and Rule 23, E, it cannot. Moses holds that Rule 23... I want to know whether you are saying that the district court erred in not discussing the size of a lawyer's fees, proportionality. And we'll talk about proportionality to what, whether it was the payment or the other. Whether the error was that it did not discuss it under 23E, it did discuss it under 23H. Or whether you are saying that there was error in that it could not be approved. That is, are you asking us to send it back to the court for a consideration under 23E? Or are you asking us to reverse it and say that this was wrong, that the settlement was not fair? We're asking you to hold that the settlement was not fair and reverse the approval. That's a remarkable thing to ask a court of appeals. I mean, that's generally a decision of the first instance under all the circumstances in the district court. Now, if the district court didn't look at the right things, perhaps we should send it back and ask them to do it. But asking a court of appeals to say this is not a fair settlement is a quite remarkable thing for you to ask us. Well, Your Honor, the district court would need to evaluate the attorney's fee request in relation to the actual relief district to get to the class. That's the law under circuit precedent. That's the law under Rule 23E, particularly after the 2018 amendments. So that is another way the court could resolve this case. Now, is there any law that says that proportionality, assuming that the court must look at it under 23E, that proportionality is what the people actually get as against what the whole settlement is? Do you have any cases that tell us that this must be based on what people actually get? Yes, Your Honor. Pearson v. MBTY in the Seventh Circuit makes that direct holding. Roseño v. Henderson in the Ninth Circuit. The other cases say that that is a relevant matter. But the question of whether that is the appropriate one, specifically in any given case, is another matter. Footnote 9 of Moses also references the fact that the court should have looked at the actual rather than nominal value of the settlement relief. Well, again, should they have looked at it or is that determinative? Because, you know, let's face it. Class actions in these cases have two different functions. One is compensatory to the people who lost. And if that were the only function, that's what you're about. But the other thing that class actions do is deter the other party by making them pay a certain amount. And if that's what's going on, then the figure of who gets what and why is a different issue. And these are, you know, as an old torts teacher, I know you got both. In all of these things, you both have compensation and you have deterrence. Your Honor, the plaintiff's attorneys had a fiduciary duty to the class and to put their interests first. And when you have a settlement with a completely fictional number, that then the actual number gets split. You have to know whether that fictional number was a sensible one under the circumstances or was not. And that's a very complicated fact situation. That is, it may be terribly unfair because the amount is so fictional, or it may be a sensible one under the circumstances. Now, again, maybe the district court didn't look at these things when it just did what it did under Term 53H. But it's very different from what you're asking us of now. Well, Your Honor, may I point out that the district court directly stated that the $20 million fund, the $19 million of it, was purely hypothetical. And acknowledged that a 77% fee award was unreasonable, but then failed to undertake the analysis that you're referencing, the proportionality, when it awarded a 73% attorney's fee award. Again, that may justify a remand for consideration under 23E with all of the factors, including the ones you are saying, for the district court. But that's very different from us saying this is unfair as a matter of law. I think a remand with guidance from this court would be extremely helpful and would be beneficial to the class and consistent with circuit precedent. So are you saying, actually, that the court can never approve a settlement where the attorney's fees are larger than the total class-wide payout based on claims experience? I wouldn't say never, but I think the court needs to take a very hard look at what the relief is, and how the parties tried to ensure the class recovered some fair amount, recovered what it was looking for before- But surely, you have to acknowledge that in consumer cases like this that span a huge period of time, and where the value, where it's a premium, a price premium kind of suit, maybe in some cases there was some damage, but that's not among your named plaintiffs. But it's kind of a public interest function that's being served in the absence of governmental action looking for deceptive advertising. And so there is a different calculus involved in assessing fairness. I mean, it's very difficult to anticipate that people who, you know, overpaid by 50 cents for, you know, wipes in 2008 are going to spend a lot of time inputting, you know, looking for a website and inputting their, you know, estimate of their purchases over 10 years. It's such a small consumer item. So isn't it reasonable for the district court to take account of that function in assessing the legitimacy of the fees claim? Your Honor, it's my experience that when attorneys are incentivized to get relief to the class, they find a way to do so. You know, we hear in many settlements, oh, it's too hard to find class members. Did you object at the time to the reasonableness of the notification method? Your Honor, we pointed out that when there's no direct notice, this is the result. Everybody knows that. Did you ask for direct notice to be given? We did ask the parties to try to get third-party retailer information. You know, stores have a record of what I bought. And, you know, for all of us here, they track what you buy through club memberships, through loyalty cards, and there are ways to get that information. What the individuals may have gotten is one side of the issue. You know, like most of us, I have been told that I'm part of a class in something that was brought against something. And then years later, I get $13.21. I don't really know what for or why. I sort of remember. And it's nice to get that. But, frankly, the $13.21 don't mean anything to me. But in almost every one of those cases, the defendant has stopped doing what they were doing before because of that class action. And that's what I'm saying, that it seems to me that one of the most difficult things for a district judge, and thank God I've never been one, is to try to decide what is fair under the circumstances in terms of doing these things. And it may be that the district court didn't consider all the things that should have been considered. But I'm wary of telling the district court what it should come out with. And I just want some points of clarification. To be clear, your argument is not that the fees, the judge reduced the fees for the reply brief. But your argument is not that over the 9 or 10 years of litigation, these attorneys did not expend these hours in these services, right? You didn't challenge the amount itself. Your Honor, we're not challenging the fees as fees. We're challenging the division of the fund. And to be clear, it seems to me you argued a proportionality argument, but you didn't raise the de minimis argument that you're now raising before this court. So the argument that you're now raising, one of the arguments you're raising before us, you didn't actually raise that before the trial judge, correct? I'm sorry, Your Honor. What is the de minimis argument? That the class, the argument that the recovery was de minimis compared to the attorney's fees. We absolutely have made the argument all along that what the class is receiving is too small in relation to the attorney's fees, in relation to the overall fund. And that the rules require, Rule 23E requires the court to evaluate the class relief, what the class got into the settlement, vis-a-vis the attorney's fees. And having read both of the district court's opinions, right, the one, the court held two hearings. Yes, Your Honor. And I failed to see how the court didn't consider all the factors, not only under H, but under the new case that came out. I mean, that's why the court sort of held the subsequent hearing. What is your claim that the court missed exactly? I mean, you may not like the result, but I think the court looked at every factor. Well, the specific problems in the district court's opinion is that it found that 19 of the $20 million supposedly available to the class was purely hypothetical. That's a quote. And the court, nevertheless, it also held that awarding attorney's fees equivalent to 77% of the actual relief was unreasonable, was not fair, was not legal. Yet went on to award attorney's fees that equaled 73% of the class relief, of the settlement value, without considering the fact the class only got $1 million, less than $1 million. And so there's this disconnect between the court evaluating the actual relief and the attorney's fees together to understand that the fees were way out of whack when you look at the settlement value. But the court was aware when it said hypothetical, was aware that the claims at that point had been just under $1 million, right? Yes, Your Honor. It may have been hypothetical in a sense that other people didn't file claims, but originally the claims could have been up to that amount, correct? Just not likely because people get those cards and they don't respond to them. It's not worth it to me to do all this paperwork to get $5 or $13. The parties structured the claims process to ensure the class would not recover more than that.  So if we follow your theory, then no lawyers will ever bring lawsuits where the recovery is de minimis because their concern is going to be that they'll spend nine years in litigation trying to recover for the named plaintiffs. And the class as a whole and then never recover fees. I mean, that's part of why the fees exist, right? Attorneys tend to bring strong claims. That's right. But, you know, the fact that the attorneys settled the class's claims, they didn't get their full relief, but they didn't settle their own fees. They got close to lodestar. And so that's really an issue of unfairness, of inadequacy under Rule 23E where the attorneys are the ones who win in the settlement and the class is the one that loses. That's not fair in the law. I don't see how the class loses when they have the ability to recover. And there was, to be clear, there was another case, right, where the class received slightly less, but it was in terms of the class recovery, it was very similar. I don't know what the attorney's fees there were, but the class recovery was very similar, correct? I believe that's correct. And, you know, there are ways that the parties can structure a claims process to ensure the class recovers more than they did here. You know, one of the most outrageous things about this settlement is the fact that class members had to submit proofs of purchase for consumable, flushable wipes products buried in the middle of grocery store receipts from up to 14 years ago to recover more than a peppercorn. But that's for one type of recovery. Yes, for the small. For the higher recovery. For the higher recovery. Okay. The parties could have allowed class members to affirm under oath, I made these purchases, instead of requiring them to say physical receipts. But how does that relate to the attorney's fees? When the attorney's fees in this case were actually, you argued that was a problem, but they were separate from the class recovery, which in a way may protect the class, right? Well, Your Honor, it's a complete fiction that the parties are not aware that when they negotiate the relief, that there will be a fee negotiation afterward. The defendant cares about its bottom line. It's an economically rational actor. And so, of course, it's going to save some of its settlement money to pay fees. And it's not a surprise to a sophisticated defendant what the lodestar is going to be that these attorneys ask for. And so that's money that could have gone to class relief. It's all coming out of the class' pockets. Thank you. You reserved your way over your three minutes, and you have reserved four minutes for rebuttal. And let me just make an announcement. I know we peppered you with a lot of questions, but we will try to keep folks to their time. Make sure we keep it even on this case, but going forward, because we do have a full docket, and we're mindful of that. All right? Thank you, Your Honor.  May it please the court, Eric Wesson for Amici States. Kimberly Clark Corporation was willing to settle this lawsuit for just over $4 million. Of that, just under $1 million went to the class, and about three times as much went to the attorneys. Under this court's recent decision in Moses, which looked explicitly at the amendments in 2018 of Rule 23E, and indeed going back to the Goldberger case from the year 2000, that was error. And the reason – Did the State of Amici agree, did the attorney generals agree that a public service was performed by this lawsuit, which ended what seems to have been misrepresentations in advertising about the flushability of wipes? Yes, Your Honor, and looking at Goldberger's sixth factor, the public interest plays an important role, which is why the states are here today. But we also want to look at what Goldberger itself said, which is the importance of the same standard applying to attorney's fees, whether it's awarded through a percentage of funds method or – What has that got to do with whether this as a whole achieves the deterrence that is needed? You know, you haven't said that the attorney's fees were not earned. The court looked at that and said, you know, in terms of time spent, it's even a bit more. I reduce it because of this or under 23H. The question is, before us, is not that, it's whether this settlement is fair. And the size of the attorney's fees is one of the things we have to consider in deciding whether a settlement is fair. But I don't see that you said anything that says that the size of these attorney's fees makes this settlement not fair. Your Honor, I'd like to point to the Grinnell case's eighth and ninth factors, the Goldberger's fifth factor, and Moses most recently, which said that the new Rule 23E makes clear the courts must balance the proposed award of attorney's fees vis-à-vis the relief provided for the class in determining whether the settlement is adequate for its class members. So the fees are a core component. That's right. And the question is, has the court done that? Now, it may be that what they did under 23H is not sufficient to do that under 23E, and that Moses says, court, you must do this under 23E. But that's a very different argument from saying that the same factors which caused it to say, okay, under 23H, might not, were we to remand, cause the court to say exactly the same thing under 23E. So, Your Honor, the district court itself found that the fee award would be disproportionate if awarded under the percentage of funds method. And we're saying Goldberger... And what does that have to do with whether when they look under 23E, they find that the settlement is fair? Goldberger itself says that the same approach should be used for percentage of fund or low star. But, counsel, the court was aware of Moses, its holding, and that's why it held a second hearing. And courts, this court has been clear, and the case law is clear, that the court can use either the percentage method or the low star method. So that's not really relevant, whether it's one method or the other. The question is whether it's a fair settlement. And Moses did not... Moses said that the revised Rule 23E2 does not displace our traditional Grinnell factors. And the court, in this case, looked at the new rule, determined that the low star method in its discretion was an appropriate method, that the settlement was fair because the court looked at the factors, not only the fees in the Rule 23E, but the Grinnell factors, and then looked at the factors under 23H, which are set by Goldberger. So, you know, again, I come to the point, you may not like the result, and it seems that you're taking some of the court's statements sort of out of context. You know, the court was recognizing it's a large attorney's fees, but the court explained why it was reasonable under the circumstances of this case, given the lengthy period of litigation. If I may, Your Honor, Goldberger itself took more than 10 years and had a 4 percent fee. Many of the cases here are similarly lengthy and had a much smaller fee award. Goldberger, Moses itself in footnote 9, performed a low star cross check and said that that did not disturb the finding that the 77 percent fee award under percentage of fund was inappropriate. Goldberger said, and this court has repeated in Fikes, in Highland, in many cases since then, that the standard under Goldberger for either type of award should lead to the same result. So when the district court said that it would be an improper result to give this attorney fee award under the percentage of funds method and then awarded that result under the low star method, despite, and I agree with you. But was it that the court said when you use that method, it looks like it's disproportionate, but when you consider what was done and the factors I'm supposed to consider, it's not disproportionate or it's not unfair? Moses itself said that it was an abusive discretion to improperly approve or to apply the wrong law. Goldberger says that the standard should lead to the same results. So if it's improper under one method, under Goldberger and under the cases that follow. I think you're overreading that case. But in any event, in a particular case, the court may well find that the fees are inappropriate given the result, but that doesn't mean the same result on other facts in another case. That depends in part on what was done wrong, how much it is important for the parties to get, you know, how much one really cares if one had flushable wipes or didn't. And, you know, I'd be perfectly happy to get $7 or not even to bother, but to know that these people who told me that the wipes were flushable now know better. So just to look at Fikes Wholesale, the language is regardless of which method, percentage of fund or Lodestar is used, the analysis is effectively the same and that Goldberger is there to ensure that either of those six factors. Precisely. And the court applied Goldberger, correct? Would you deny that the court applied the factors in Goldberger here? No, Your Honor. Or looked at those factors? But the error I'm trying to identify here is that if the result is improper under one of the two methods, just the same way in Moses itself they did the district court, they did a Lodestar crosscheck and that didn't cure the underlying error of the percentage of fund. We're just asking you to do the same thing that Moses did in that case. All right. Thank you, counsel. Thank you, Your Honor. May it please the court, my name is Doug Willans and I represent the plaintiffs Kurtz and Honigman. The court should affirm because Mr. Frank fails to identify any abuse of discretion in the district court's approval of the settlement. As you've heard through the arguments today and as you've read in the briefs, the real issue here is that Mr. Frank complains that the district court awarded class counsel an unreasonable fee. And it's our position, at least in the first instance, that the problem with that argument is that it's a Rule 23H argument. And Mr. Frank has abandoned his Rule 23H arguments on appeal. So what he's really trying to do now is take those ordinary- under 23E, even if it looked okay under 23H, that is, that we want the court to say in terms of the fairness of the whole thing and whether the settlement is fair, we should also look at. That's very different from what they're asking us today, but in a way their argument specifically is the new change and Moses and the others say you should look under 23E and maybe reach the same result, but you want to look at it when you're considering the fairness of the whole thing. I agree with that in part, Your Honor, but what Rule 23E and what they're trying to do, though, is jam the reasonableness inquiry under Goldberger into Rule 23E2, and that is different. And if you look at the committee notes related to the revisions, what they say, and I quote, ultimately any award of attorney's fees must be evaluated under Rule 23H, and no rigid limits exist for such awards. So yes, there is now- Can you really segregate the two, though? I mean, you have to evaluate the claims process and the whole situation because all of those are encompassed in the settlement. You know, was the process fair? Was it designed to provide adequate notice and to elicit claims that were well-founded? And then in relation to that, was the attorney's fee award reasonable? So I'm having difficulty really separating the two. I think you can because there's really – maybe there's some overlap, but there's two different concerns. What we're saying on the Rule 23EC23, it requires the court to evaluate whether something about the attorney's fees award shortchanges the class. And we think Mr. Frank's arguments on that point fail for two reasons. The first is that as the district court held, because the fee was paid separately from the class relief, the fee award could have no impact on – you know, there could be no shortchanging because it has no impact on the class relief. Well, but isn't it possible, even if it is set up separately – and I'm not saying that that's so in this case – but even if it is set up separately, isn't it possible that a fee award might in fact shortchange and make a settlement unfair? And if it is possible, the question is, do we want the court to deal with it expressly under 23E and then tell us the same thing in a way but focused on the fairness of the award rather than on the size under 23E? That's very different from what they are asking, but it may be something that our cases are suggesting the court should do. Now, we could do that, perhaps, even by just a Jacobson remand, or we could do it by asking the court to do it directly. But isn't that a way of clarifying so that we don't really get the broader argument that they're making? I think the answer is it is possible. I mean, it happened in Moses, but Moses was a common fund case. So there is – and this court, and it didn't happen in this case, they argued that Moses was a common fund, and they were inversely correlated, you know, as the attorney's fees goes up, the class relief goes down. That's not an issue. But let's – just to be clear here. Yes. 23E2 is – C3 is amended to basically say that in evaluating the adequacy of the relief provided to a class, as it specifically relates to attorney's fees, district courts retain the discretion to approve reasonable attorney's fees, but it must be considered in light of the award. Correct. But let's back up. The rule starts, the relief provided for class, the class, is adequate, taking into account – and this is 23E, which Moses addresses – one, the costs, risks, delay of trial and appeal, two, the effectiveness of any proposed method of distributing relief to the class, which is an issue they raised, including the method of processing class member claims, and then three, which is one of four factors, the terms of any proposed award of attorney's fees, including timing of payment, and then any agreement required to be identified under 23E3. Okay. So those are the factors under 23E2. And Grinnell. We can't leave out Grinnell either. And the court said, and we're not abandoning the traditional Grinnell. Then, if you look at the reasonableness of attorney's fees, you apply Rule 23H, and it says whatever the law is, and the law is Goldberger, and the factors under Goldberger are the time and labor expended by counsel, the magnitude and complexities of the litigation, the risk of the litigation, the quality of the representation, the requested fee in relation to the settlement, and public policy considerations. How are those not overlapped? I mean, they are. They're basically looking at the same thing. So it seems to me that this isn't some complicated process here. We have a trial court that held one hearing before Moses. Moses comes out, and the court says, well, wait a minute. I've got to look at the reasonableness of this award in relation to the attorney's fees, and then conducts another hearing. What did the court miss? I'm still trying to figure out. I don't think the court missed anything. I mean, if, you know. I mean, I asked your opponents this question, but what did the court miss? I think the court was very thorough. Actually, it held three final hearings. It had one, and then it asked for supplemental briefing on some issues that it was concerned about. It had a second hearing, and then had a, you know. It had initially bifurcated the fairness and the fees into two hearings. After we brought Moses to the court's attention, she recognized that, okay, I have to do this all at once, and then she undertook the analysis. I don't think the court missed anything. I think the court's opinion was very well reasoned. Thank you.  Good morning, Your Honors. Theodore Boutrous for Kimberly-Clark. Let me start with that. Judge Chin did everything she was supposed to do. She first had the hearing, issued a 30-page order approving the settlement. Then, when Moses came down, explicitly applied Moses and ruled 23E, and looked at the fee award and compared it with the recovery for the class. And to Judge Calabresi, to your point, pages 14 through 16 of, it's SPA 14 through 16. The post-Moses decision, she analyzes these issues under 23E, just as Moses said. Did she mention 23E? She did. In fact, on page 14, the heading is 23E, and she then goes through the factors and finds that this was fair and reasonable, given all the work that the lawyers did. They did the work. There's no question about it. $3.2 million for 10 years of work. Well, still, there were questions about blended rates and about an average billing rate of $700, reflecting that no paralegals maybe worked on it, and using the current rates as opposed to the old rate, as well as, you know, I was not entirely convinced that, having kind of been invested already in the settlement, that just reducing the, you know, catching some of those billing problems and relying on the concept of a segregated fund, that she really adequately conducted the holistic analysis that Moses then was requiring, looking at the factors in the 23E as well as 23H, and engaging with the really very, very low claims rate, you know, the actual claims experience. Can you kind of point to me where she did that in a satisfactory way, in your view? Sure, Your Honor. I think in both opinions, the court carefully went through the factors that this court's identified in Grinnell and Goldberger in terms of the complexity of the case, the low value claims that were here. The expert for the plaintiff came back with a $0.06 on the dollar price premium, which really devalued the case for the class. The district judge, you know— But in particular, I'd like you to focus on, please, the claims experience, where it was going to be less than a million dollars, and where, you know, sure she reduced the fees claim from like 77% to 74%. That's still a really high number. And, you know, there are structural, you know, issues, whether you have a common fund or a separate fund. Ultimately, I think it's reasonable to say that the corporate defendant had a, you know, a cap. And it was going to come out of, you know, the attorney's fees were going to come out of that amount, as well as the amounts paid to the plaintiffs. And whether you structured formally as a common fund or not, that's kind of the, you know, financial realities of the situation. So I wasn't sure that the district court was adequately taking into account in a holistic way, as Moses instructed, that situation. I think she did, Your Honor. She was very careful. She went through all the factors. Let me be very practical. If we were to say that basically what needs to be done is what you say she did, but we're not that clear that she did it specifically under 23E. We waste a certain amount of time. You will get more money being a lawyer. But then we would settle an issue and make it clear of what courts should do in these situations. Now, that's if we come out saying that, not saying what the other side said, but saying we want to be sure that she actually did what you say she did. I totally agree, Your Honor. And you can be sure. Page 14, SPA 14, the heading is Rule 23E2C3, the terms of any proposed award of attorney's fees, including timing of payment. So she's looking at Rule 23E. She then goes on to talk about Moses. But she does, at that point, act as though it is enough to say that the fact that the attorney's fees were segregated, or you could read what she's doing as saying the fact that the attorney's fees were segregated is enough so that it satisfies it rather than that she has done what you say that she was doing under Moses. That's my only question. It's a good question, because I think she meticulously, as Judge Carlin was pointing out, went through all the other Grinnell factors and looked at the claims rate and said, yes, fewer people claimed. This wasn't unexpected. Everybody knows that's going to happen. But this was still a good recovery. Compared with these earlier statements, this isn't some outlier. Except that she also says, thus, under all the relevant 23 standards, Rule 23 standards, the key factor is whether the compensation available to the settlement class is fair and adequate and not the extent to which the class takes advantage of the offer presented to them. To me, that underplays the important modifiers of the amount available to the class of whether the process was a fair and reasonable process designed actually to meet the people who are nominally the beneficiaries of the settlement. And Judge Chen made all sorts of findings on that, Your Honor, that the notice was adequate, that the process was adequate. We had a professional claims administrator who there was evidence that the claims process went smoothly. The claims rate was not out of whack. The Belfiori and Pettit cases, exact same flushable wipes, but by plaintiffs' own experts' testimony, inferior products, same structure. This was not some windfall fee award. I'd be the first one here telling you if it was. These lawyers did work for a decade. So I don't think there's any reason to remand the case. Judge Chen did exactly what she was supposed to do. I think there's, like, I kind of- But at some point, just thinking about it kind of structurally, if the government isn't going to go after this kind of concern about misrepresentation and you were going to rely on class actions to do that, at some point, you know, there must be a fee maximum. I mean, your business model could be I'm going to do as much work and just keep on billing as much as I can, and even if we're going to get a cent for each plaintiff who, you know, doesn't respond but who's nominally part of the class, we're still going to be able to collect from the corporate defendant. And that's a warped dynamic from my perspective. It really would be, Your Honor. That's why the judge stands as a fiduciary to protect against that. So looking at the reasonableness of the lodestar amount, and to Judge Conn's point, the judge picked the lodestar amount. She did do a comparison, which I think is a plus factor. She did and said the percentage fee would not make sense because it would not compensate the lawyers enough for all the work. And the public policy considerations, which goes to Judge Calabresi's point, at the end of the opinion, the second opinion, she says the incentivizing lawyers to bring these cases, even if at the end of the day the recovery is not large, does have a deterrent effect. It can serve an important counsel admitted for the states that this did have an important public policy effect. Companies respond. And I should say this hasn't been a walk in the park for Kimberly-Clark. It had to pay its own fees. So these class actions do have a deterrent effect. And they're asking for it. Do you concede that there might be a situation in which the lawyers actually spent all of that time and they did that and under 23H the court looked at that and did that. But then if it looked at the, not this case I'm saying, looked at how much the lawyers got in terms of what then this settlement was, that a court might say, you know, I'm sorry. A different settlement makes more sense, is fairer, given all that the lawyers have got. Absolutely, Your Honor. And that you mentioned. So the question is, does focusing on that and making sure that courts do that be something that we perhaps should say? And whether the court did it in this case or not becomes a more complicated question. Your Honor, I think you could use the phrase sensible under the circumstances. That's really the test, fairness and reasonableness. That's what Moses says. And Moses basically says to do exactly what you just described. So I don't think the court needs to rule. I hope so because I follow the law. Exactly. Exactly. And so did Judge Chen. She applied the law. And what all the questioning and what all the arguments are, did the judge abuse her discretion? Absolutely not. She was meticulous. She applied the law. The facts followed Moses, was very careful. This has been ten years. It's a fair settlement. As Judge Chen found, they did not separately say that the recovery for the class was unfair or unreasonable. They said it was fair. Then if you look at the, I'll finish with this, the fees. They don't say that the lodestar was unreasonable or rational. So we have reasonable fees and a reasonable settlement. You can't add that up and say this was an unfair, unreasonable settlement. Everything was reasonable. Thank you very much. Thank you, counsel. Attorney St. John, you have reserved four minutes for rebuttal. Thank you, Your Honor. Just a few quick points. First, as to the fairness of the settlement, the district court did not revisit its holding under Rule 23E2C2 following Moses that Rule 23E doesn't require an evaluation of the class's actual relief. It found that it only had to look at the $20 million made available, despite acknowledging that was purely hypothetical. That was wrong under Moses. It's wrong under Rule 23E, wrong under Pearson. The court also found, incorrectly, that it was sufficient that the defendant paid the fee separate and apart. This was an error under Moses, and it ignores the financial reality. The fact is, Kimberly-Clark put money on the table, and instead of having those fees that were reduced go to the class, that money went back to Kimberly-Clark. It should have gone to the class, and if the settlement had been structured differently, it would have. Isn't that the case with any settlement amount that's set aside to pay class members, that whatever's left goes back to the company? Is that unusual? There are multiple ways to structure the settlement. I know. That's not my question, but my question is, is that unusual? Is that the first time you've heard that there's an amount set aside and then whatever's not used goes back to the company? No, Your Honor, but I would submit that the better way is to allow the excess to go to class members. How is that fact related to the lawyers' fees? Your Honor, it's related to the fact that when the parties negotiated the settlement to have a separate fee for the relief and a separate fund for the fees, it's all coming out of Kimberly-Clark's pocket. This is all money Kimberly-Clark is willing to settle the case. The fact that the money that is not taken goes back to the defendant related to the size of the fees. Now, if, you know, or do we want the court to think specifically and say, you know, the money will come back and I know that the fee is fine, and say that expressly? But I don't understand how in itself the fees that are paid are related to whether it's $7 or $9, $50 with a receipt or not, and that what doesn't goes back. I just, I have trouble seeing the link. Well, a defendant is economically indifferent to who gets the money. It wants to pay as little as possible. And if it can separate the money so that any reduction in fees goes back to it rather than to the class, that's good for it. Whereas the class attorneys should have been negotiating as a fiduciary for the class to have any excess that the defendant was willing to pay to go back to it. Now you're saying that you think that the settlement is unfair because the attorneys should have been arguing something else. But I want to know how that is relevant to specifically 23E, which is the size of what the lawyers got. That is, I want to see the link between your what you say is unfairness and this. Yes, Your Honor. Two, the relief, and three, the fees. You evaluate them together holistically. And if the fees can't- Look, I'm not saying it might not be unfair. And the question then is, did the court look at it, both size and amount and so on, sufficiently under 23E? But that's a very narrow argument. The argument that somehow because these fees are this, it must be that the other is unfair is what I find hard to take. Yes, Your Honor. Okay. That was my piece. Thank you, counsel. Thank you. Well argued on both sides. We will reserve decision. Thank you.